UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> WICAHPE MILK, <br><br> Defendant. | CR. 16-50118-JLV <br><br><br> ORDER |

**INTRODUCTION**

Defendant Wicahpe Milk is charged with conspiracy to distribute a controlled substance and possession of a firearm by a prohibited person. (Docket 34). Defendant filed a suppression motion. (Docket 45). The suppression motion was referred to the magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order dated March 9, 2015. Magistrate Judge Daneta Wollmann conducted a hearing on the motion and issued a report and recommendation concluding defendant's motion should be denied. (Dockets 55 & 57).

Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files written objections to the magistrate judge's proposed findings and recommendations, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The court may "accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Defendant submits legal objections and almost no factual objections[1] to the magistrate judge's report and recommendation. (Docket 58). The government filed a response to defendant's objections. (Docket 61). To the extent any of defendant's objections can be construed as factual, the court rejects the objections and adopts the magistrate judge's findings of fact as the court explains below. (Docket 57 at pp. 2-4). Defendant's legal objections are:

1. He has standing to challenge the constitutionality of the car search. (Docket 58 at p. 1).

2. Law enforcement lacked a sufficient basis to stop the car. Id. at pp. 2-3.

3. The search of the car was not constitutional. Id. at p. 3.

4. The state court search warrants were not constitutional. Id. at pp. 3-4.

5. He has standing to challenge the constitutionality of law enforcement's search of Julissa Poor Bear's cell phone. Id. at pp. 1-2.

**ANALYSIS**

**1. Standing to challenge the car search**

The magistrate judge determined defendant lacked the standing necessary to attack the constitutionality of the car search. (Docket 57 at pp. 6-7). Defendant was in the car's backseat when it was stopped, he "had no ownership interest in the [vehicle], and his name did not appear on any

---

[1]A factual issue is embedded in defendant's objection regarding the stop of the car. The court resolves the issue in its analysis below.

ownership documents." Id. at pp. 2, 6. He failed "to prove any facts showing he had a reasonable expectation of privacy in the [vehicle] and was anything more than a mere passenger." Id. at pp. 6-7. Despite admitting he was a passenger in the vehicle, defendant claims he has standing because he "had possession of the vehicle with the consent of the owners." (Docket 58 at p. 1).

"Fourth Amendment rights are personal rights that may not be asserted vicariously. An individual asserting Fourth Amendment rights must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." United States v. Barragan, 379 F.3d 524, 529 (8th Cir. 2004) (internal citation and quotation marks omitted). "The defendant moving to suppress bears the burden of proving he had a legitimate expectation of privacy that was violated by the challenged search." United States v. Russell, 847 F.3d 616, 618 (8th Cir. 2017) (internal quotation marks omitted).

"Generally, a mere passenger does not have standing to challenge a vehicle search where he has 'neither a property nor possessory interest in the automobile.'" Id. (quoting United States v. Anguiano, 795 F.3d 873, 878 (8th Cir. 2015)). In the Russell case, Mr. Russell "was not an owner or registered user of the sedan [searched] and did not have a property interest in it." Id. He argued he had "a possessory interest because the sedan was rented by his girlfriend and allegedly operated at his request." Id. The United States Court of Appeals for the Eighth Circuit rejected his argument, finding he lacked standing to challenge the car search because he "provide[d] no evidence that

3

his girlfriend permitted him to drive the sedan or otherwise exercise any possessory control over it." Id. at 619. Similarly, in this case defendant fails to demonstrate his status in the car was beyond that of a mere passenger. He did not drive the vehicle, and he did not "otherwise exercise any possessory control over it." Id.

The court finds defendant lacks standing to challenge the constitutionality of the car search. Defendant's objection is overruled and the magistrate judge's report and recommendation is adopted on this issue.

**2. Stop of the car**

The magistrate judge concluded law enforcement conducted a lawful traffic stop. (Docket 57 at pp. 7-9). Defendant claims there was no basis for the stop. (Docket 58 at pp. 3-4). Defendant claims no traffic violation occurred. Id. Keith Carlson was the Deputy from the Pennington County Sheriff's Office ("the deputy" or "Deputy Carlson") who conducted the stop, and the magistrate judge found his testimony was credible. (Docket 57 at p. 2). Before stopping the car in which defendant rode, the deputy observed the vehicle remained stationary at a stop sign for nearly 30 seconds with no other cars around. Id. When he followed the car, he observed the car drift onto the road's shoulder at one point and at another point cross the road's centerline. Id. at pp. 2, 9. The deputy stopped the car because of this "erratic driving." Id. at p. 2.

"A traffic stop constitutes a seizure under the Fourth Amendment." United States v. Peralez, 526 F.3d 1115, 1119 (8th Cir. 2008). But "the

4

decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996). "Any traffic violation, however minor, provides probable cause for a traffic stop." United States v. $45,000.00 in U.S. Currency, 749 F.3d 709, 715 (8th Cir. 2014) (internal quotation marks omitted). "[T]he critical inquiry in a probable-cause determination in the traffic-stop context is what the stopping officer observed *before* [the stop.]" Id. "If the officer is legally authorized to stop the driver, any additional underlying intent or motivation does not invalidate the stop." United States v. Bloomfield, 40 F.3d 910, 915 (8th Cir. 1994) (en banc). "[I]t is well-settled that any traffic violation provides a police officer with probable cause to stop a vehicle, even if the officer conducted the valid traffic stop as a pretense for investigating other criminal activity." United States v. Escamilla, 301 F.3d 877, 880 (8th Cir. 2002). "Under this objective test, so long as police have probable cause to believe that a traffic violation has occurred, the stop is valid even if the police would have ignored the traffic violation but for their suspicion that greater crimes are afoot." United States v. Thomas, 93 F.3d 479, 485 (8th Cir. 1996).

The stop of the vehicle occurred near Box Elder, South Dakota. (Docket 57 at p. 2). The Box Elder City Ordinances prohibit reckless or careless driving, and Deputy Carlson's observations provide probable cause to believe the car violated that ordinance. Section 71.087, Title VII: Traffic Code; see also Ordinances - Documents & Forms, Box Elder, South Dakota, available at https://www.boxelder.us/documents/list (providing a PDF version of the

5

ordinance). Consequently, stopping the vehicle was constitutional because the deputy observed a traffic violation. See $45,000.00, 749 F.3d at 715. Defendant's objection is overruled and the magistrate judge's report and recommendation is adopted on this issue.

**3. Car search**

The magistrate judge determined law enforcement performed a lawful warrantless search of the car. (Docket 57 at pp. 7-9). This ruling is based on Deputy Carlson smelling the odor of marijuana coming from the vehicle after he stopped it and his observations of the car's driver, including the driver's dilated pupils, erratic behavior and sobriety test failure. Id. at p. 9. Defendant relies on Arizona v. Gant, 556 U.S. 332 (2009), arguing the search was not constitutional because it occurred when the car's occupants did not have access to the vehicle. (Docket 58 at p. 3).

"It is well settled that a warrantless search of an automobile is not unreasonable if law enforcement officers have probable cause to believe that the vehicle contains evidence of criminal activity. Probable cause exists when the facts available to an officer would warrant a person of reasonable caution to believe that contraband or other evidence of a crime is present." United States v. Daniel, 809 F.3d 447, 448-49 (8th Cir. 2016) (internal citation omitted). The Eighth Circuit "has held numerous times that the smell of marijuana coming from a vehicle during a proper traffic stop gives an officer probable cause to search for drugs." United States v. Smith, 789 F.3d 923, 928-29 (8th Cir. 2015) (collecting cases).

6

Because Deputy Carlson lawfully stopped the car and smelled marijuana once he approached it, there was probable cause to conduct a search. See id. Defendant's objection is overruled and the magistrate judge's report and recommendation is adopted on this issue.

**4. State court warrants**

When law enforcement officers searched the car, they located methamphetamine, drug paraphernalia, scales, a handgun, cash, bags and cell phones. (Docket 57 at p. 3). Following the search, law enforcement sought a warrant in South Dakota state court for further search of the vehicle. Id. at pp. 3-4. A state court judge issued a warrant for additional search of the car and later issued another warrant authorizing the search of the cell phones found in the car. Id.

Defendant contends the "search warrant issued by the state court judge in this case was tainted by the fruits of the illegal and invalid stop of the vehicle without probable cause and subsequent search of the vehicle without a search warrant." (Docket 58 at p. 4). He believes illegally obtained evidence served as the basis for the search warrants. Id. at pp. 4-5.

The court determined above both the stop and search of the vehicle were constitutional. See supra Sections 2. & 3. Consequently, defendant's challenges to the state court warrants fail. Defendant's objection is overruled and the magistrate judge's report and recommendation is adopted on this issue.

### 5. Ms. Poor Bear's cell phone

A few weeks before the car stop occurred, Officer Leonard Her Many Horses of the Oglala Sioux Tribe Department of Public Safety ("the officer" or "Officer Her Many Horses") came into the possession of Ms. Poor Bear's cell phone. (Docket 57 at p. 4). A neighbor of Ms. Poor Bear provided the phone, indicating she believed Ms. Poor Bear and defendant sold methamphetamine. Id. Ms. Poor Bear is defendant's spouse and was not in the vehicle Deputy Carlson stopped. Id. Officer Her Many Horses applied for a search warrant to look for evidence on the phone related to drugs, and a tribal judge issue the warrant. Id. Defendant contends he "had a legitimate expectation of privacy in [Ms.] Poor Bear's phone because he provided the money to purchase the phone and had used the [phone] in the past with her consent." (Docket 58 at pp. 1-2).

"The Fourth Amendment protects the people against unreasonable searches of 'their' effects, and an accused in a criminal case may not assert the Fourth Amendment rights of a third party." United States v. Stringer, 739 F.3d 391, 396 (8th Cir. 2014). Helping Ms. Poor Bear buy her phone and using it in the past are insufficient to demonstrate a legitimate expectation of privacy to the phone's contents. Those alleged facts fail to adequately show ownership or possessory control over the phone. Defendant lacks standing to challenge the search of Ms. Poor Bear's cell phone. See id. (rejecting a suppression motion where the defendant had no expectation of privacy in another person's phone the police searched). Even if defendant had standing, his argument fails because the magistrate judge properly determined the search was conducted

8

pursuant to a valid warrant. (Docket 57 at p. 11). Defendant's objection is overruled and the magistrate judge's report and recommendation is adopted on this issue.

**ORDER**

Based on the above analysis, it is

ORDERED that defendant's objections to the magistrate judge's report and recommendation (Docket 58) are overruled.

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation (Docket 57) is adopted in full.

IT IS FURTHER ORDERED that defendant's motion to suppress (Docket 45) is denied.

IT IS FURTHER ORDERED that a scheduling order will be filed.

Dated January 29, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE